**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Cure CMT,<br><br>Plaintiff,<br><br>vs.<br><br>Hereditary Neuropathy Foundation, Inc.,<br><br>Defendants. | Case No. |

## COMPLAINT

Plaintiff, Cure CMT, brings this Complaint for trademark infringement and false designation of origin against the Defendant, Hereditary Neuropathy Foundation, Inc. Cure CMT is a charitable organization. Since April 2025, Cure CMT has been using its name and federally registered trademark – CURE CMT—to create awareness, provide support, and generate donations for research and equipment related to the medical condition known as Charcot-Marie-Tooth disease ("CMT"). In August 2026, Defendant suddenly changed its name from "Hereditary Neuropathy Foundation" to "CureCMT". This change has caused actual confusion between the parties and risks further mistake and deception among people concerned about, interested in, or affected by, CMT. Cure CMT immediately requested that Defendant change its name. Defendant refused.

In support of its claims in this case, Cure CMT alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Cure CMT, is an Illinois not-for-profit organization with its principal office at 113 Millpond Trace, Eatonton, Georgia (hereinafter "Cure CMT").

2. On information and belief, Defendant, Hereditary Neuropathy Foundation, Inc., is a New York corporation with a registered address of 1641 Third Ave., Apt. 28K, New York City, New York (hereinafter "Defendant").

3. On information and belief, Defendant is a 501(c)(3) not-for-profit corporation.

4. Cure CMT and Defendant are both engaged in the business of charitable services and advocacy for patients suffering from CMT.

5. Defendant advertises to, solicits donations from, and regularly conducts activities with, residents of the state of Illinois, including residents of this judicial district.

6. Defendant has received donations from Chicago-based donors.

7. On its website Defendant states that it has received a "large contribution" from "Chicago-based investors and philanthropists". *See* **Exhibit A**.

8. On its website Defendant indicates that it has had a partnership with Ann and Robert H. Lurie Children's Hospital of Chicago. *See* **Exhibit B**.

9. This Court has jurisdiction because: (a) this is an action for trademark infringement arising under the Lanham Act 15 U.S.C. § 1051 *et seq*., jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (b) this action includes certain state law claims that are so related to the claims within such original jurisdiction that they form part of the same case or controversy, supplemental jurisdiction being conferred in accordance with 28 U.S.C. § 1367.

10. This Court may exercise personal jurisdiction over Defendant because Defendant engaged in, and continues to engage in, acts of trademark infringement, unfair competition, and deceptive trade practices in this judicial district.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

## FACTS

### Plaintiff and Its CURE CMT Name and Mark

12. Cure CMT provides charitable fundraising services for promoting research, treatment, education, and other services for patients and families suffering from CMT.

13. Cure CMT was one of the first charitable organizations in the CMT community to provide direct aid to patients suffering from CMT by providing them funding for braces and surgeries.

14. To date, Cure CMT has raised over $1 million for research and care for patients suffering from CMT.

15. Cure CMT is well-known for its advocacy in the CMT community and has used its name and mark "CURE CMT" since April 2025 in connection with its charity and advocacy efforts. An example of the CURE CMT mark as it is used on Cure CMT's website is depicted below:

CureCMT

Funding. Research. Healing.

16. Cure CMT also owns a federal trademark registration for the mark "CURE CMT" (Reg. No. 7,789,295) for "Charitable fundraising services for promoting research, education and other activities relating to Charcot-Marie-Tooth Disease; Charitable fundraising to support research related to Charcot-Marie-Tooth Disease; Charitable foundation services, namely, providing financial support to individuals with Charcot-Marie-Tooth Disease for medical treatments" in Class 36. A true and correct copy of the CURE CMT registration certificate is attached hereto as **Exhibit C**.

17. Cure CMT's use of its name and mark CURE CMT in connection with its charity and advocacy efforts on behalf of patients and families suffering from CMT has generated considerable recognition among the members of this community who associate Cure CMT's services with its CURE CMT name and mark.

**Defendant's Infringing Use of "CureCMT"**

18. On information and belief, Defendant engages in charity and advocacy efforts related to raising awareness for patients and individuals suffering from CMT.

19. On information and belief, Defendant uses and has operated its services under the names "Hereditary Neuropathy Foundation" and "HNF" since its founding in or around 2001.

20. On August 31, 2026, Defendant announced on its website, in email newsletters, and on its social media accounts that it was adopting a new name: "CureCMT". Below are several screenshots of Defendant's August 31st announcement:




**Same foundation, same mission, a name that finally says it out loud**

For twenty-five years, you've known us as the Hereditary Neuropathy Foundation. Today, we're introducing a **new name and a rebuilt website: CureCMT** (curecmt.org).

This isn't a new organization; it's the same team, the same mission, and the same community. We just finally have a name that says out loud what we've been working toward all along.


Curecmt / Hereditary Neuropathy Fo...
August 31 at 11:03 AM ·
Follow
🎉 BIG NEWS! We've got a new name, a new logo, and a brand new website! 💙 CureCMT.org

After 25 years as the Hereditary Neuropathy Foundation, we're stepping forward as CureCMT.

We're still the same team, the same mission, and the same community you know and trust. Our new name simply says out loud what we've been working toward all along: a cure for CMT.

Together, we've built:

• A global registry with 6,000+ participants across 72 countries
• A biobank with more than 4,282 biospecimens
• 31 Centers of Excellence
• A network of trial ready clinics
• More than $2 million invested directly into CMT research and studies

**See less**

Most relevant

**Janett Werrmann**
I have CMT 4 b 2 and autonome neuropathy!!!

21. Defendant's August 31, 2026 announcement to the public stated that "For twenty-five years, you've known us as the Hereditary Neuropathy Foundation: Today, we are introducing a new name, new logo, and a rebuilt website: CureCMT."

22. Defendant now promotes its services via what it described in its August 31, 2026 announcement as a "brand new website": www.curecmt.org.


Curecmt / Hereditary Neuropathy Fo...
August 31 at 11:03 AM ·
Follow
🎉 BIG NEWS! We've got a new name, a new logo, and a brand new website! 💙 CureCMT.org

23. Defendant uses the name and mark "CureCMT" at the top of its website homepage, as shown below:




24. On information and belief, August 2026 was the first time that Defendant used "CureCMT" as a trademark.

25. On information and belief, Defendant made the decision to adopt the name "CureCMT" with prior knowledge of Plaintiff and its name and mark CURE CMT.

26. Defendant's announcement of its new name "CureCMT" immediately created actual confusion among members of the CMT community.

27. For example, Cure CMT's principal, Patrick Livney, received an email from a representative of another organization in the community, CMTUS, which manages the largest online Facebook community for patients and families suffering from CMT, asking if Cure CMT is now affiliated with Defendant, as shown below:

**From:** agraham2k@aol.com <agraham2k@aol.com>
**Date:** Monday, August 31, 2026 at 12:30 PM
**To:** Patrick Livney <pal@cure-cmt.org>
**Subject:** HNF has your name now?

Hi Pat,

HNF announced their new name as CureCMT. Are they working with you or did they take your name? Facebook

Angela

28. On that same day, August 31, 2026, Cure CMT contacted Defendant and demanded that it stop using the name "CureCMT" because it is functionally identical to Cure CMT's registered CURE CMT name and mark for identical services.

29. Defendant responded by saying that it would not stop using the name "CureCMT".

30. In refusing to stop using the name "CureCMT", Defendant claimed that it owns the domain name www.curecmt.org.

31. In fact, Defendant did not host an independent website at the domain www.curecmt.org until August 2026.

32. On information and belief, Defendant never used "CureCMT" as a trademark on any website, including any website at www.curecmt.org, until August 2026.

33. To date, Defendant continues to use "CureCMT" as its name.

34. Defendant's use of "CureCMT" is without Cure CMT's authorization or consent.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**UNDER THE LANHAM ACT, 15 U.S.C. § 1114**

35. Cure CMT re-alleges paragraphs 1 – 34, as if fully set forth herein.

36. Defendant's use of the name and mark "CureCMT" in connection with its services is likely to cause confusion, mistake, or deception as to the source, sponsorship or affiliation of Defendant or Defendant's services, in that relevant persons, donors, organizations, or members of the CMT community are likely to believe, mistakenly, that Defendant's services are Cure CMT's services or are in some way authorized or sponsored by, or affiliated with, Cure CMT.

37. Defendant's aforesaid acts constitute willful trademark infringement of Cure CMT's registered CURE CMT mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Defendant's aforesaid acts greatly and irreparably damage Cure CMT, and will continue to cause damage unless restrained by this Court. Therefore, Cure CMT is without an adequate remedy at law. Accordingly, Cure CMT is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using its name and mark "CureCMT", or any similar variation thereof, on and in connection with charitable and advocacy services related to CMT.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN**
**UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)**

39. Cure CMT re-alleges paragraphs 1 – 34, as if fully set forth herein.

40. Defendant's use of the CureCMT name and mark is likely to cause confusion, mistake, or deception, in that third parties are likely to assume that Defendant's activities are related to, or organized or conducted by, Cure CMT, or that they are sponsored by, or connected or affiliated with, Cure CMT or Cure CMT's services offered under its CURE CMT mark.

41. Defendant's aforesaid acts constitute a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendant's aforesaid acts greatly and irreparably damage Cure CMT, and will continue to cause damage unless restrained by this Court. Therefore, Cure CMT is without an adequate remedy at law. Accordingly, Cure CMT is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the name and mark "CureCMT", or any similar variation thereof, on and in connection with charitable and advocacy services related to CMT.

**COUNT III**
**DECEPTIVE TRADE PRACTICES UNDER THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILL. COMP. STAT. § 510/1 *et seq*.**

43. Cure CMT re-alleges paragraphs 1 – 34, as if fully set forth herein.

44. Defendant's use of the CureCMT name and mark is likely to cause confusion, mistake, or deception, in that third parties, sponsors, and others are likely to assume that Defendant's services are Cure CMT's services, or that they are sponsored by, or connected or affiliated with Cure CMT.

45. Defendant's adoption and use of the name and mark CureCMT constitute deceptive trade practices, as described in 815 ILCS 510/2(a), in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1 *et seq*.

46. Defendant's aforesaid acts greatly and irreparably damage Cure CMT, and will continue to cause damage unless restrained by this Court. Therefore, Cure CMT is without an adequate remedy at law. Accordingly, Cure CMT is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the name and mark CureCMT, or any similar variation thereof, on or in connection with charitable and advocacy services related to CMT.

**COUNT VI**
**UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW**

47. Cure CMT re-alleges paragraphs 1 – 34, as if fully set forth herein.

48. Defendant's use of the CureCMT name and mark is likely to cause confusion, mistake, or deception, in that third parties, sponsors, and others are likely to assume that Defendant's services are Cure CMT's services, or that they are sponsored by, or connected or affiliated with Cure CMT.

49. Defendant's aforesaid acts constitute unfair competition, in violation of Illinois common law.

50. Defendant's aforesaid acts greatly and irreparably damage Cure CMT, and will continue to cause damage unless restrained by this Court. Therefore, Cure CMT is without an adequate remedy at law. Accordingly, Cure CMT is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the name and mark CureCMT, or any similar variation thereof, on or in connection with charitable and advocacy services related to CMT.

## PRAYER FOR RELIEF

**WHEREFORE**, Cure CMT prays for a judgment:

A. Permanently enjoining and restraining Defendant, its respective members, managers, officers, agents, employees, representatives, attorneys and all others acting in concert or participation with any of them, including but not limited to all subsidiaries, affiliates, and licensees of Defendant, from:

(i) using CureCMT or CURE CMT, or any name or mark that is similar thereto, on or in connection with the offering, promotion, marketing, organizing, or conducting of charitable services relating to CMT;

(ii) using any trademark, service mark, corporate or trade name, domain name, logo or design that incorporates "CureCMT" and that is likely to confuse, mislead or deceive consumers to believe that goods or services promoted, sold and/or offered for by Defendant originate from Cure CMT, or that said goods or services have been sponsored, approved, licensed by, or are in some way connected or affiliated with Cure CMT;

(iii) doing any other act or thing likely to induce the belief that Defendant's business, products or services are in any way connected with Cure CMT's business, products or services, or are sponsored, approved, licensed by, or are in some way connected or affiliated with Cure CMT; and

(iv) registering, applying to register, or maintaining any application to register any names, words, designations or symbols consisting of, incorporating, in whole or in part, "CURE CMT" or otherwise confusingly similar to Cure CMT's name and mark; and

B. Directing Defendant to:

(i) account for and pay over to Cure CMT all ill-gotten gains derived from its acts of willful trademark infringement and unfair competition, in accordance with 15 U.S.C. § 1117(a), and the laws of Illinois, and that the award be trebled in accordance with 15 U.S.C. § 1117(a); and

(ii) pay to Cure CMT all damages it has suffered as a result of Defendant's trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a), and the laws of Illinois, as well as treble the amount of all damages incurred by Cure CMT by reason of these acts in accordance with 15 U.S.C. § 1117(a); and

(iii) pay to Cure CMT damages in accordance with the common laws of Illinois, on account of all loss, damage and injury caused by Defendant's acts; and

(iv) pay to Cure CMT the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and the laws of Illinois; and

(v) deliver up for destruction all advertisements and promotional or other materials in Defendant's possession or under its control bearing the CURE CMT mark or any other trademarks confusingly similar thereto in accordance with 15 U.S.C. § 1118; and

(vi) order the Defendant to transfer Defendant's domain, www.curecmt.org, to Cure CMT; and

(vii) file with the Court and serve on Cure CMT an affidavit setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116; and

C. Awarding Cure CMT such further relief as this Court deems just and equitable.

**JURY DEMAND**

Cure CMT demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: September 15, 2026 By: /s/ *Daniel S. Hess*

PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP

Bradley L. Cohn
Daniel S. Hess
125 S. Wacker Drive, Suite 2050
Chicago, IL 60606-5896
(312) 554-8000
blc@pattishall.com
dsh@pattishall.com

*Attorneys for Plaintiff, Cure CMT*